# EXHIBIT A

STATE OF NEW YORK
LACKAWANNA CITY COURT : COUNTY OF ERIE
JEFFREY A. HOUSEKNECHT, SR.

              **SUMMONS**

              Index No.: CI-42-19/LA

         Plaintiff,

vs.

   MERCANTILE ADJUSTMENT BUREAU, LLC

         Defendant.

To the above named Defendant:

    You are hereby summoned and required to appear in the City Court of the City of Lackawanna located at 714 Ridge Road, in said City, County of Erie, State of New York, by serving an answer to the annexed Complaint upon Plaintiff's attorney at the address stated below; upon your failure to so answer, judgment will be taken against you for the relief demanded in the Complaint, together with costs of this action.

Dated: February 26, 2019
       Lackawanna, New York

                                _____
                                Law Offices of Jason A. Shear
                                Jason A. Shear, Esq.
                                jshear@jasonshearlaw.com
                                *Attorneys for Plaintiff*
                                561 Ridge Road
                                Lackawanna, New York 14218
                                Phone: (716) 566-8988

TO:   Mercantile Adjustment Bureau, LLC
        165 Lawrence Bell Drive, Suite 100
        Williamsville, New York 14221

*VENUE IS BASED ON DEFENDANT'S BUSINESS ADDRESS*

NOTE:  The law provides that:
         (1) If this summons is served by its delivery to you personally within the County of Erie, you must answer within ten (10) days after such service; or
         (2) If this summons is served by delivery to any person other than you personally, or is served outside the County of Erie, you are allowed thirty (30) days after service is complete within which to answer.



1

STATE OF NEW YORK
<u>LACKAWANNA CITY COURT : COUNTY OF ERIE</u>

JEFFREY A. HOUSEKNECHT, SR.

          Plaintiff,

vs.

MERCANTILE ADJUSTMENT BUREAU, LLC

          Defendant.

**VERIFIED COMPLAINT**

Index No.: CV-42-19/LA

2019 FEB 27 PM 3:01

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. A claim is also brought under New York General Business Law § 349(a), which prohibits deception "in the conduct of any business, trade, or commerce."

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

4. Venue is proper in that the actions which resulted in the causes of action took place in the State of New York.

5. Venue in this Court is proper in that the Defendant transacts business here and the conduct complained of occurred here.

6. Jurisdiction is proper because Defendant, Mercantile Adjustment Bureau is registered with the New York Secretary of State.



1

7. Venue and Jurisdiction are proper because Defendant Mercantile Adjustment Bureau has its primary place of business in Erie County, New York.

8. Venue and Jurisdiction are proper because Mercantile Adjustment Bureau has a place of business in New York State located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

9. Venue is proper because Defendants committed a tort in Erie County, New York.

10. Based on the above, Venue and Jurisdiction are proper because State and Federal Courts have concurrent jurisdiction over private civil actions under the FDCPA.

## *PARTIES*

11. Plaintiff, Jeffrey A. Houseknecht, Sr. (hereinafter referred to as "Plaintiff" or "Houseknecht"), is a natural person and is a consumer as defined by the FDCPA.

12. Defendant, Mercantile Adjustment Bureau (hereinafter referred to as "Defendant" or "MAB"), is a Domestic Limited Liability Company organized and existing under the law of the State of New York and is a collection agency engaged in the business of collecting consumer debts in this state, with a principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

13. The principal purpose of MAB is the collection of consumer debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

14. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

15. Defendant regularly attempts to collect consumer debts alleged to be due another.

16. Defendant is also engaged in the collection of debts from consumers via the use of crediting reporting. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. All references to "Defendant" or "Defendants" herein shall mean the Defendants or an employee(s) or principal(s) of the Defendant(s).

## *BACKGROUND*

18. Defendant was in the process of collecting an alleged consumer debt from Houseknecht which was for family or household purposes.

2

19. Within the last year, Defendant has been engaging in the collection of said consumer debt.

20. Defendant, MAB, attempted to collect a consumer debt that Plaintiff did not owe.

21. Defendant also reported numerous and erroneous derogatory information on Houseknecht's credit report.

22. Specifically, MAB reported derogatory accounts on Plaintiff's Experian Credit Report.

23. Houseknecht did not have any defaulted account(s) that should be reported.

24. As such, Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known to be false.

25. MAB also made deceptive statements to Plaintiff in violation of 15 U.S.C. § 1692e.

26. Based on the above, Defendant, in attempting to collect a purported consumer debt, misrepresented the amount of the purported debt and attempted to collect sums not authorized by the contract or by law.

## FACTUAL ALLEGATIONS

27. Plaintiff requested that MAB send proof or documentation regarding the alleged debt.

28. MAB never sent any such documentation to Houseknecht showing that he was responsible for the purported consumer debt on which MAB was attempting to collect.

29. Instead, MAB continued to call Plaintiff and report incorrect derogatory information on Houseknecht's credit report.

30. After additional numerous calls and voicemails from MAB, Plaintiff returned Defendant's telephone call.

31. Plaintiff spoke to a representative from MAB named Brianna.

32. MAB told plaintiff that they were attempting to collect an amount of $2,336.85.

33. Despite Plaintiff informing MAB that he did not have an account with MAB's client, MAB still attempted to collect the disputed debt.

34. Specifically, MAB told Plaintiff that "…Just calling today to see how you're going to resolve your balance to get this out of collections today…"

35. Plaintiff told MAB that he was never a patient of Defendant's client.

36. Plaintiff again told MAB again to mail proof of any purported debt.

3

37. In addition, MAB falsely reported numerous derogatory accounts on Plaintiff's Credit Report as a collection/charge off.

38. Based on the above mentioned false credit reporting, Plaintiff suffered a lower credit score.

39. Plaintiff had no defaulted credit accounts which would necessitate and warrant said voicemails and contact from MAB.

40. However, Defendant reported several incorrect and inaccurate negative trade-lines on Houseknecht's credit report as a means of forcing Houseknecht to pay a debt he does not owe.

41. Based on the abusive actions by MAB, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

## *FIRST CLAIM FOR RELIEF*

42. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through Forty-One (41) above.

43. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

44. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known to be false.

45. Defendant violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

46. Defendant violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendant's collection actions.

47. Defendant violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of an alleged debt.

48. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect amounts not permitted by law.

## *SECOND CLAIM FOR RELIEF*

49. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through Forty-Eight (48) above.

50. New York GBL § 349 proscribes "[d]eceptive acts or practices in the conduct of any

4

business, trade or commerce or in the furnishing of any service in this state."

51. GBL provides that "any person who has been injured by reason of any violation of [their respective] section[s] may bring an action in his own name to enjoin such unlawful act or practice" as well as to obtain actual damages, or fifty dollars, whichever is greater.

52. As set forth hereinbefore, Defendant has engaged in deceptive acts and practices within the meaning of GBL section 349: namely, engaging in a practice of attempting to collect consumer accounts from New York consumers who do not owe said accounts.

53. By virtue of the harmful results of its activities, Defendant's actions, as set forth hereinbefore, have caused both consumer injury and harm to the public interest.

54. Furthermore, by attempting to collect consumer accounts from New York consumers who do not owe the accounts, MAB was collecting, a claim under New York General Business Law § 349(a) is proper because Defendant's actions affect the public as a whole.

55. As set forth hereinbefore, as a result of Defendant's violation of GBL section 349, Plaintiff was economically harmed to his detriment, and is entitled either to actual damages in an amount to be shown according to proof, or alternatively and together with Defendant, to damages in amount of $50.00 pursuant to GBL section 349(h), whichever is greater.

**WHEREFORE**, Plaintiff, Jeffrey A. Houseknecht, Sr., respectfully requests that judgment be entered against Defendant, Mercantile Adjustment Bureau, LLC for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;
E. Damages pursuant to NY GBL § 349;
F. Attorney fees pursuant to NY GBL § 349;
G. Punitive damages to be determined by the Court.
H. For such other and further relief as the Court may deem just and proper.

Dated: February 26, 2019
      Lackawanna, New York

5

/s/: Jason A. Shear
Jason A. Shear, Esq.
Law Offices of Jason A. Shear
*Attorneys for the Plaintiff*
561 Ridge Road
Lackawanna, New York 14218
Phone: (716) 566-8988
E-mail: jshear@jasonshearlaw.com

6

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK )
)
COUNTY OF GENESEE )

JEFFREY A. HOUSEKNECHT, SR., being duly sworn, states that he is the PLAINTIFF in this action and that the foregoing **COMPLAINT** is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
JEFFREY A. HOUSEKNECHT, SR.

Sworn to me this
28th day of January, 2019

_____
NOTARY PUBLIC

MELISSA L GAEBLER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 04RE6209383
Qualified in Genesee County
Commission Expires 7/27/_